UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:14-CV-00154-GVFT                    *ELECTRONICALLY FILED*

KEM WARREN and K&J GRAB 'N' BAG                                    PLAINTIFFS

VS.          **MEMORANDUM IN SUPPORT OF**
      **MOTION TO DISMISS, OR IN THE ALTERNATIVE,**
             **MOTION FOR SUMMARY JUDGMENT**

UNITED STATES OF AMERICA, et al                                    DEFENDANTS

\*   \*   \*   \*   \*

Comes the Defendant, by counsel, and in support of its Motion to Dismiss, or in the

Alternative, Motion for Summary Judgment, states as follows:

**INTRODUCTION**

Plaintiffs filed their initial Complaint pursuant to 7 U.S.C. § 2023(a) seeking judicial

review of a final determination by the Food and Nutrition Service ("FNS") permanently

disqualifying Plaintiffs from participation in the Supplemental Nutrition Assistance Program

("SNAP"). [R. 1: Notice of Removal, Exhibit A: State Court Record.] Such withdrawal was

based upon owner Kem Warren's criminal conviction reflecting on the business integrity of the

individual stores herein. [Administrative Record ("AR") 17, 22-25.] On June 26, 2014, this

matter was removed to this Court by the United States pursuant to 28 U.S.C. § 1442(a)(1). [*Id.*]

On August 12, 2014, the Defendant filed a Motion to Dismiss, or in the Alternative,

Motion for Summary Judgment. [R. 5.] After filing said Motion, it was brought to counsel's

attention that the administrative record provided to the United States by agency counsel was

incomplete at the time of the filing of the original Motion to Dismiss.[1]  [R. 6:  Notice, p. 1.]  As

such, the United States withdrew its original Motion to Dismiss, or in the Alternative, Motion for

Summary Judgment, and requested leave to refile with the corrected administrative record.  [R.

6:  Notice.]  Plaintiffs and the United States agreed that the United States would answer or

otherwise respond to Plaintiffs' Complaint on or before November 3, 2014.  [*Id.*]  However, on

November 3, 2014, Plaintiffs filed an Amended Complaint.  [R. 9:  Amended Complaint.]  As

the amended pleading has been filed, the original complaint no longer serves any function in this

case.  *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922,

928 (8th Cir. 2005).  As such, this Motion is directed at Plaintiffs' Amended Complaint.

## STATEMENT OF FACTS

On February 6, 2014, K&J's Grab 'n Bag (a retail convenience store, hereinafter "K&J")

filed an application with the United States Department of Agriculture's FNS, requesting

authorization to participate in the Food Stamp Program, SNAP, as a retail convenience store.

[AR 1-13.]  In this application, Plaintiff Kem Jacob Warren is listed as sole owner of the

business.  [AR 4, 8-11.]  In response to the inquiry as to whether "any owner…[had been]

convicted of <u>any</u> crime after June 1, 1999," Plaintiff indicated that he had "received citations for

traffic violations which resulted in penalty of fines."  [AR 5.]  Emphasis added.

On February 27, 2014, the FNS requested additional documentation from Plaintiff

Warren regarding the "citations for traffic violations which resulted in the penalty of fines" in

order to continue processing Plaintiffs' SNAP application.  [AR 14-15.]  On March 13, 2014, the

Plaintiff submitted a document from the Administrative Office of the Courts, indicating that on

January 7, 2014, Plaintiff owner Kem Jacob Warren pled guilty in Bell Circuit Court to

---

[1] The original administrative record, while containing the first administrative decision, failed to include the final administrative decision.  The Final Administrative Decision of May 5, 2014, did not vary substantially from the first Administrative Decision, either in content or result.  [AR 85-89; 95-100.]

Possession of Marijuana.  [AR 17, 22-23.]  Possession of Marijuana is a Class B Misdemeanor, in violation of KRS § 218A.1422.

On March 14, 2014, FNS notified K&J's owner, Kem Warren, that the store's application to participate in SNAP was permanently denied.  [AR 24-25.]  Denial from SNAP was mandated as the USDA had been notified of Kem Warren's guilty plea to Possession of Marijuana.  *See* 7 C.F.R. § 278.1(b)(3)(i)(C) and § 278.1(k)(3)(i).[2]

On March 19, 2014, Kem Warren, as owner of K&J's, filed an initial request for administrative review.  [AR 27-83.]  In his administrative appeal, he did not deny having pled guilty to Possession of Marijuana, nor did he deny having committed the crime.  [AR 27, 29-30, 36-37, 44-45.]  Rather, Plaintiffs suggested that there was no evidence in the record showing that FNS exercised its discretion, and instead that FNS treated "Mr. Warren's permanent denial as being compelled by his misdemeanor conviction."  [AR 36.]  Plaintiffs argued that had Mr. Warren "known that he might face permanent disqualification as a SNAP vendor, he would not have pled guilty."  [AR 37.]

On April 25, 2014, after a review of the materials submitted by the Plaintiffs, including a review of the case documentation, FNS issued its decision confirming the permanent denial of Plaintiffs' authorization to participate in SNAP.  [AR 86-89.]  However, additional information was received from Plaintiffs' counsel on April 30, 2014.  [AR 94.]  As such, this information was reviewed, and a Final Agency Decision was rendered on May 5, 2014.  [AR 96-100.]  This

---

[2] 7 C.F.R. § 278.1(b)(3)(i)(C) provides that "FNS shall deny the authorization of any firm from participation in the program for a period of time as specified in paragraph (k) of this section based on consideration of information regarding the business integrity and reputation of the firm as follows:

(i) Conviction of…the owners, officers or managers of the firm for:

…(C) Violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses…"

Section 278.1(k)(3)(i) provides that "firms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers, or managers as stipulated in § 278.1(b)(3)(i) shall be denied authorization permanently."

determination was delivered to the Plaintiffs and their attorney on April 30, 2014.  [AR 101-102.]  The instant lawsuit was filed on June 5, 2014.  [R. 1:  Notice of Removal, Exhibit A:  State Court Record.]

## ARGUMENT

### I.   STANDARD OF REVIEW

The applicable statute, 7 U.S.C. § 2023, provides that upon proper filing of a complaint against the United States, the suit "shall be a trial *de novo* by the court in which the court shall determine the validity of the questioned administrative action in issue."  7 U.S.C. § 2023(a)(15).  The term "trial *de novo*" "does not, however, signify an intention to provide a party the right to have its case tried if summary judgment is appropriate because 'there is no genuine issue as to any material fact.'  Fed.R.Civ.P. 56(c)."  *J.C.B. Super Markets, Inc. v. United States*, 57 F.R.D. 500, 503 (W.D. N.Y. 1972).   Additionally, the Sixth Circuit has determined that "the reviewing court's function is only to 'determine the validity of the questioned administrative action,' not to review the sanctions."  *Woodard v. United States*, 725 F.2d 1072, 1077 (6th Cir. 1984) (internal citations omitted).  *See, also Martin v. United States*, 459 F.2d 300 (6th Cir. 1972) (the role of the reviewing Court is not to change the period of sanctions).  In essence, "[i]f the agency properly applied the regulations, then the court's job is done and the sanction must be enforced."  *Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993).

A motion filed under Fed.R.Civ.P. 12(b)(6) "seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted."  *Hunter v. Sec'y of the United States Army*, 565 F.3d 986, 992 (6th Cir. 2009).  The court must construe the complaint in a light most favorable to the plaintiff.  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  The United States Supreme Court has held that while a complaint need not contain detailed factual allegations, the plaintiff is obligated to provide more than mere labels and

conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must determine whether the complaint contains sufficient facts "to state a claim for relief that is plausible on its face," which means "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Simply put, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility or entitlement to relief." (Internal quotations omitted). *Id.* Overly broad, and merely conclusory, allegations are inadequate. *Id.*

Alternatively, the Defendant has moved for summary judgment. Federal Rule of Civil Procedure 56 provides, in pertinent part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

A party seeking summary judgment bears the initial burden of specifying the basis upon which it contends judgment should be granted, and of identifying the portion of the record which demonstrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has made this showing, the burden passes to the nonmoving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See also, Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue. As the Supreme Court stated in *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249-50 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Internal citations omitted).  *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  In order to survive summary judgment, the evidence presented by the nonmovant must be more than the nonmovant's own pleadings and affidavits.  *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

## II.   THE ADMINISTRATIVE ACTION HEREIN WAS VALIDLY DETERMINED.

As indicated herein, this Court has jurisdiction over this matter pursuant to 7 U.S.C. § 2023.  The *de novo* review "applies to the factual basis of the agency's determinations," *Rorex v. United States*, 661 F.Supp. 406, 407 (E.D. Ark. 1987) and does not extend to a review of the sanction imposed.  *See Bakal Brothers, Inc. v. United States,* 105 F.3d 1085, 1088-90 (6th Cir. 1997).  In the instant case, Plaintiffs have failed to meet their burden of showing, by a preponderance of evidence, that the administrative action herein was legally invalid.  *Howard v. United States*, 3:13-CV-1301, 2013 WL 4046370, *3 (N.D. Ohio Aug. 7, 2013), *citing Warren v. United States*, 932 F.2d 582, 586 (6th Cir. 1991).

"In the Food Stamp Act, Congress listed certain considerations the FNS is to take into consideration in determining whether to grant a food stamp license to a retail or wholesale food store.  The FNS is directed to consider:

1) the nature and extend of the food business conducted by the applicant;
2) the volume of coupon business which may reasonably be expected to be conducted by the applicant food store or wholesale food concern; and
3) the business integrity and reputation of the applicant."

*Warren*, 932 F.2d at 586, *citing* 7 U.S.C. § 2018(a).  To determine the business integrity and reputation of the applicant, FNS regulations provide that it:

*[S]hall deny* the authorization of any firm from participation in the program for a period of time as specified in paragraph (k) based on consideration of information regarding the business integrity and reputation of the firm as follows:

(i)  Conviction of…the owners, officers or managers of the firm for:

>    (C)  violation of the Federal, State and/or local consumer protection laws relating
>    to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses….

7 C.F.R. § 278.1(b)(3)(i)(C) (emphasis added).  Section 278.1(k)(3)(j) provides that retailers for whom "records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers, or managers as stipulated in § 278.1(b)(3)(i) *shall be denied authorization permanently*."  7 C.F.R. § 278.1(k)(3)(j) (emphasis added).

As indicated herein, owner Kem Warren pled guilty to Possession of Marijuana.  [AR 27, 29-30, 36-37, 44-45.]  Plaintiffs do not deny that this violation occurred.  In the administrative proceeding, Plaintiffs did not deny that Warren's conviction fell within the ambit of this section, but rather contested the "harshness" of the sanction.  *See* AR 27 ("Mr. Warren does not dispute the essential facts…[h]owever, he seeks the reviewing body to exercise some discretion in this rather harsh penalty for something that is a relatively small violation.").  In their Complaint, Plaintiffs now argue that the administrative action was invalid because the regulation should be read in a light agreeable to Warren; that FNS did not make an individual determination as to Plaintiffs' eligibility at the time the decision was rendered; and that he should have been "warned" in advance of the impact a guilty plea might have on his ability to become a SNAP retailer.  [R. 9:  Amended Complaint.]  Plaintiffs further argue that the application of the relevant regulations violated Plaintiffs' constitutional rights under the Equal Protection and Due Process Clauses, as well as the Eighth Amendment.  [*Id*.]

The Court reviews *de novo* the question of whether Plaintiffs in fact violated the Act— therefore, the sole question in this case is whether the evidence demonstrates that the violations found by FNS did occur.  The answer to this very question is fatal to Warren's claim.  The application itself requires information for FNS to consider, in accordance with the statutory requirements, when making a determination as to SNAP eligibility.  [AR 2-12.]  At the

7

administrative level, Plaintiffs relied on *Della Valle v. United States*, 626 F.Supp. 388, 392-93 n.

3 (D.R.I. 1986), to support their argument that FNS must make an individual determination and

investigation into Kem Warren's conduct.  [AR 35-39, 46-53.]  However, since *Della Valle*,

"courts have repeatedly upheld the FNS's determination that the regulations do not require such

an [individualized] assessment." *Howard v. U.S.*, 3:13 CV 1301, 2013 WL 4046370, \*3 (Aug. 7,

2013, N.D. Ohio) (listing cases).  As the *Howard* court succinctly stated:

> In short, Plaintiff argues the FNS is required to retry the convictions obtained
> in state courts in order to sanction retailers and to consider individualized non-
> statutory factors.  Not so.  What the regulations require is that the FNS
> evaluate the basis of the convictions to determine if they fit within the
> regulations, give the retailer proper notice and due process, and administer
> appropriate sanctions as set forth in the regulations.

*Id.*  This is exactly what occurred in the instant case.  The administrative record proves that Mr.

Warren was properly notified of the import of his conviction, and that Warren and K&J's were

being permanently denied authorization as a SNAP retailer.  [AR 24-26, 96-100.]

Furthermore, while Mr. Warren may argue that he should have been warned in advance

of the specific ramifications of his guilty plea on his ability to participate in SNAP, "[h]e is

responsible for his own actions, and he should have realized that his business and personal

reputation might be questioned by his convictions.  In short, the fate of his approval rests in his

own hands; [courts] will not burden FNS officials with expressly warning him before taking

action." *Spurs v. United States*, 424 F. Supp. 977, 980 (W.D. La. 1977).  The regulation is clear

as to the effect of a conviction; shades of grays are not for the judiciary to parse.

Yet, this is precisely what Plaintiffs are asking this Court to do.  While not argued in their

administrative filings (nor in their original complaint), Plaintiffs now attempt to dissect, and

effectively add, language to the applicable regulation to inure to their ultimate benefit.  In

essence, Plaintiffs argue that 7 C.F.R. § 278.1 (b)(3)(i)(C), otherwise pellucid, should be

interpreted in an entirely different manner from that which it is written.  [R. 9:  Amended

Complaint, Page ID 167, 170-71, 173,178-179.]  The regulation states that FNS:

> [S]hall deny the authorization of any firm from participation in the program for a period
> of time as specified in paragraph (k) based on consideration of information regarding the
> business integrity and reputation of the firm as follows:
>
> > (i)   Conviction of…the owners, officers or managers of the firm for:
> >
> > (C)  *violation of the Federal, State and/or local consumer protection laws relating
> > to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses*….

7 C.F.R. § 278.1 (b)(3)(i)(C) (emphasis added).  However, Plaintiffs ask this Court to find that

the word "licenses" modifies all the words preceding it—and that the regulation surely meant the

language to read "controlled substances licenses" violations.  [R. 9:  Amended Complaint, Page

ID 171.]  There is simply no evidence to support such a claim.

"It is well established that an agency's interpretation need not be the only possible

reading of a regulation—or even the best one—to prevail.  When an agency interprets its own

regulation, the Court, as a general rule, defers to it 'unless that interpretation is plainly erroneous

or inconsistent with the regulation.'"  *Decker v. Northwest Environmental Defense Center*, 133

S.Ct. 1326, 1337 (2013) (internal citations and quotations omitted).  Other than Plaintiffs' self-

serving statements, there is no support to the assertion that the interpretation of the regulation by

FNS was in error, or otherwise inconsistent.[3]  As such, deference to the agency's interpretation

of the regulation should be given, and the regulation's plain meaning not "mudd[ied] [] by

finding ambiguity where none exists."  *Performance Coal Company v. Federal Mine Safety and

Health Review Commission*, 642 F.3d 234, 239 (6th Cir. 2011).

---

[3] For example, the Animal Welfare Act defines an animal dealer as one who buys, sells, etc. "any dog or
other animal whether dead or alive for research, teaching, exhibition, or use as a pet."  7 U.S.C. § 2132(f).
If Plaintiffs' reasoning on sentence construction (or deconstruction, as it were) is followed, "as a pet"
would potentially modify "research," "teaching," and "exhibition" in the above statute.  While
grammatically *possible*, such rewriting of the statute inserts additional meaning into a statute or regulation
that was not otherwise intended.

Even if the plain meaning of this regulation was not patent, the Sixth Circuit has held that deference is due an agency's interpretation of that regulation so long as "the agency's action *minimally involved* a *rational connection between the facts found and the choice made*." *Summit Petroleum Corp. v. EPA*, 690 F.3d 733, 740-47 (6th Cir. 2012) (internal citations and quotations omitted) (emphasis added).   It is manifest that even if this Court were to view the relevant regulation as somehow ambiguous, the decision of FNS to interpret it as it did far exceeded the "minimal involv[ement]" of a "rational connection between the facts found and the choice made." *Id.*  Furthermore, as indicated herein, this Court's review is limited to the application of the regulation itself, not to the choice or harshness of the sanction imposed.  *See Bakal Brothers, Inc.*, 105 F.3d at 1088-90.

Plaintiffs have failed to meet their burden of showing that the administrative action herein was invalid.  "Once the trial court has confirmed that the store has violated the statutes and regulations, the court's only task is to examine the sanction in light of the administrative record in order to judge whether the agency properly applied the regulations, i.e., whether the sanction is 'unwarranted in law' or 'without justification in fact.'"  *Goldstein*, 9 F.3d at 523 (internal citations omitted).  The trial *de novo* is limited to "determining the validity of the administrative action; the severity of the sanction is not open to review." *Id.*  In the instant case, Plaintiffs have failed to show where FNS improperly applied the appropriate regulations, and do not deny the existence or substance of the criminal conviction.  Again, "[i]f the agency properly applied the regulations, then the court's job is done and the sanction must be enforced."  *Id.*

None of Plaintiffs' documentation provided in support of their request for administrative review offered any evidence to dispute the FNS' earlier findings of SNAP ineligibility on the store's part.  [AR 27-30, 35-83.]  On May 5, 2014, the Administrative Review Officer notified Plaintiffs and Plaintiffs' counsel, via certified mail, that FNS' administrative sanction was being

10

affirmed.  [AR 101-102.]  As noted by the Administrative Review Officer, under 7 C.F.R. § 278.1(b)(3)(i)(C), . . .  "'FNS **shall** deny the authorization of any firm … from participation in the program for a period of time as specified in paragraph (k) . . . based on consideration of information regarding the business integrity and reputation of the firm as follows:  (i) Conviction of . . . the owners, officers or managers of the firm for:  (C) Violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses.'"  [AR 97.]  Emphasis added.  7 C.F.R. § 278.1(k)(3) clearly mandates that "[f]irms for which records of criminal conviction . . . exist . . . that reflect on the business integrity of the owners, officers, or managers as stipulated in § 278.1(b)(3)(i) shall be denied authorization permanently.  . . . "  The statutory language mandates no agency discretion in denying authorization to a retailer from participation in SNAP if it fails to meet the required criteria.  Thus, the A.R.O. upheld the FNS' determination to deny the store's authorization, as the regulations required such affirmation.

The instant matter is a case of a conviction that indubitably fits squarely within the regulations, and the "sanctions imposed by the Secretary [were] well within the range of his authority, expressly conferred on him by statute and regulation."  *Martin v. United States*, 459 F.2d 300, 301 (6th Cir. 1972).  There are simply no issues of material fact, as the Plaintiffs have not proven, by a preponderance of evidence, that the agency's determination was invalid.  *See, e.g., Warren v. United States*, 932 F.2d at 586 ("The burden of proof in the judicial review proceedings is upon the aggrieved store to establish the invalidity of the administrative action by a preponderance of the evidence.").  As such, summary judgment must be granted in favor of the United States herein.

### III.   PLAINTIFFS CONSTITUTIONAL CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Preliminarily, the United States, including its agencies, have not waived sovereign immunity as to any claims of constitutional violations.  *See, e.g., Federal Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 483-86 (1994).  To the extent Plaintiffs' complaint posits constitutional theories as to the United States, FNS, or the USDA, these claims fail as a matter of law.

Even if interpreted as a challenge to the constitutionality to the relevant SNAP statutes and/or regulations themselves, Plaintiffs' allegations fail to state a claim for relief.  The sum total of Plaintiffs' claims are that the final agency decision permanently denying Plaintiffs from participation in SNAP constituted a "taking without just compensation;" that imposition of such a denial based upon a store owner's "minor marijuana possession conviction is irrational and in violation of the Equal Protection and Due Process Clauses…," and is "draconian and excessive punishment in violation of Eighth Amendment."  [R. 9: Amended Complaint, Page ID 177.]

A.  Claims are Based on Conclusory Allegations

While a complaint need not contain detail factual allegations, the plaintiffs' allegations must be "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In the instant case, Plaintiffs have failed to set forth any specificity whatsoever with regard to their constitutional challenge to the SNAP regulations and statutes herein.  "Naked assertions" devoid of "further factual enhancement" are simply insufficient to overcome a motion for summary judgment.  *Twombly*, 550 U.S. at 557.

B.  Failure to Establish Equal Protection or Due Process Claims

As indicated herein, the Plaintiffs, with nothing more than a perfunctory assertion, claim that imposition of a permanent denial of SNAP authorization "based upon a store owner's minor marijuana possession conviction" violates the Equal Protection and Due Process Clauses of the Constitution.  [R. 9:  Amended Complaint, Page ID 177.]  Initially, Plaintiffs have not (and cannot) specify exactly what property interest has been the subject of an alleged taking, which is required to prove both a Fourth Amendment and Fifth Amendment claim.  *See, e.g. Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it…[and] must, instead, have a legitimate claim of entitlement to it."); *United States v. Jacobsen*, 466 U.S. 109, 133 (1984).  Here, Plaintiffs have never been approved to accept SNAP benefits in the first instance, and have not supported their claim of a "taking" with any concrete support whatsoever:  a "possible revenue stream" is clearly "abstract."

Even if Plaintiffs could show a legitimate property interest, they have failed to allege that they were denied Fifth Amendment requirements of "notice" and an "opportunity to respond." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (A fundamental requirement of due process of law in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections; and the notice must be of such nature that it reasonably conveys the required information, and must afford a reasonable time for those interested to make their appearance; but if, with due regard for practicalities and peculiarities of the case, those conditions are reasonably met, the constitutional requirements are satisfied).

The record reflects that the Plaintiffs received proper notice of the consequence of Kem

13

Warren's conviction, and that Plaintiffs' application for SNAP participation was being permanently denied.  [AR 24-26.]  Once this "notice" was given, Plaintiffs then had an ability to "respond," and availed themselves of this opportunity before a Final Agency Decision was rendered.  [AR 27-31; 35-83; 94.]   Plaintiffs' bare allegations of Fourth and Fifth Amendment violations fail to "state a claim for relief that is plausible on its face." *Iqbal,* 556 U.S. at 678.

      C.  Failure to Establish Eighth Amendment Claims

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VII.  The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense."  *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (internal citations and quotations omitted).  To the extent that Plaintiffs argue that permanent denial is an excessive "punishment" forbidden by the Eighth Amendment, such allegations fail as a matter of law.  "The Plaintiffs' claim fails under the Eighth Amendment because a 'fine' as understood in this context is a 'payment to a sovereign as punishment for some offense,' not the loss [or in this case, the granting thereof] of an 'administratively granted privilege to process third-party federal benefits.'  *Browning-Ferris Indus. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)."  *King Cole Foods, Inc. v. United States*, No. 13-1759, 561 Fed. Appx. 444 (6th Cir. March 31, 2014).

In essence, the Plaintiffs are asking this Court to re-evaluate FNS' choice of sanction.  As is patently clear and well-established in the Sixth Circuit, the choice of sanction is not open to review once it is determined the regulation was properly applied.  *See Goldstein*, 9 F. 3d at 523; *Bakal Brothers, Inc.*, 105 F.3d at 1088-90.  In this instant case, the regulations were properly applied, and thus the inquiry ends.  *Id.*

### III.   PLAINTIFFS HAVE FAILED TO PROVE ENTITLEMENT TO INJUNCTIVE RELIEF

Plaintiffs also request this Court issue a preliminary injunction pursuant to 7 U.S.C. § 2023(a)(17), staying the implementation of the Final Agency Decision, and proactively forcing the authorization of the Plaintiffs to participate in SNAP.  [R. 1:  Notice of Removal, Exhibit A: State Court Record.]   Pursuant to Section 2023(a)(17), the burden lies with the Plaintiffs to "convince the Court of plaintiff's likelihood of prevailing on the merits, and . . . [to] show that disqualification will cause irreparable injury to plaintiff."  *Kim v. United States*, 822 F.Supp. 107, 109 (E.D.N.Y. 1993) (internal citations omitted).

Preliminarily, the Plaintiffs have never been authorized as SNAP retailers, so the availability of injunctive relief under 7 U.S.C. § 2023(a)(17) is dubious at best.  Even if this statute is interpreted to offer prospective injunctive relief such as Plaintiffs are demanding, Plaintiffs requests still fail.  As indicated extensively herein, Plaintiffs are unlikely to succeed on the merits of their claim that it was inappropriately denied authorization to participate in SNAP. Furthermore, any allusion to a "balance of hardships" test with regard to irreparable injury is not the standard that is applied to this manner of litigation.  *See, e.g., Kim v. United States*, 822 F.Supp. at 109.)  Plaintiffs have failed to prove not only a likelihood of prevailing on merits, but have also failed to prove irreparable harm.  For these reasons, the Defendant herein respectfully requests that Plaintiffs' demand for injunctive relief be denied.

### CONCLUSION

Plaintiffs have failed to prove by a preponderance of the evidence that the administrative action taken by the FNS in this case was invalid.  Further, Plaintiffs have failed to state a constitutional claim as a matter of law.  Therefore, as no genuine dispute of material facts exist, summary judgment must be granted in favor of the United States.  Furthermore, as Plaintiffs

have failed to prove a likelihood of prevailing on the merits, their request for injunctive relief must be denied.

Accordingly, Defendant respectfully requests that its motion to dismiss, or in the alternative, motion for summary judgment, be granted, along with any and all other relief to which it may appear entitled, including denial of Plaintiffs' request for injunctive relief.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

BY:      s/ Cheryl Morgan
Cheryl Morgan
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4870
Cheryl.Morgan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2014, the foregoing Memorandum in Support of Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, was electronically filed by using the CM/ECF system, which will send the notice of electronic filing to:

Michael A. Taylor, Esq.
matlinc@bellsouth.net

I further certify that, on November 26, 2014, a true copy of the Memorandum in Support of Motion to Dismiss, or in the Alternative, Motion for Summary Judgment was mailed, by first-class mail, to the following:

Stewart D. Fried, Esq.
Olsson, Frank, Weeda, Terman, Matz, P.C.
600 New Hampshire Avenue, N.W. Suite 500
Washington, D.C. 20037
sfried@ofwlaw.com

s/ Cheryl Morgan
Cheryl Morgan
Assistant United States Attorney

17