UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:14-CV-00154-GVFT                    *ELECTRONICALLY FILED*

KEM WARREN and K&J GRAB 'N' BAG                                      PLAINTIFFS

VS.        **DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO
          MOTION TO DISMISS, OR IN THE ALTERNATIVE,
    MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT'S RESPONSE TO
        PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

UNITED STATES OF AMERICA, et al                                      DEFENDANTS

\* \* \* \* \*

Comes the Defendant, United States of America, and for their Reply to Plaintiffs'

Response to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary

Judgment, and their Response to Plaintiffs' Cross-Motion for Summary Judgment, state as

follows:

I.        Reply to Response to Motion to Dismiss, or in the Alternative, Motion for
          Summary Judgment

Plaintiffs' Kem Warren and K&J's Grab 'n' Bag's Response [R. 15] fails to state a

genuine dispute as to any material fact, nor does it show how any proposed discovery would

preclude the granting of Defendant United States' Motion to Dismiss, or in the Alternative,

Motion for Summary Judgment.[1]  Plaintiffs' Response does not refute the fact that Kem Warren

was convicted of possession of marijuana, in violation of Kentucky law that prohibits same.  [R.

15.]  Plaintiffs' commentary regarding the relative seriousness of the crime has no bearing in this

---

[1] Contemporaneously with the filing of this pleading, the United States has filed a Response to Plaintiffs'
Notice of filing of Rule 56(d) Declaration/Motion for Discovery under 56(d).  [R. 23.]

1

matter.  The relevant regulations clearly indicate that the agency's action in permanently denying Plaintiffs as a SNAP retailer was valid under the pertinent regulations.  Further, Plaintiffs admit in their Response that the "pertinent facts at issue in this action are relatively few in number and generally do not appear to be in dispute."  [R. 15:  Response, p. 3.]  Moreover, Plaintiffs filed their own motion for summary judgment within their Response to Defendant's dispositive motion, tacitly agreeing that the record (and facts therein) are complete, and the matter is ripe for a decision herein.

Despite Plaintiffs' assertions to the contrary, summary judgment does <u>not</u> require that <u>any</u> discovery take place before a motion for summary judgment can be granted.  *See, e.g., Commodity Futures Trading Com'n, v. UForex Consulting, LLC*, 551 F.Supp. 2d 513 (W.D. La. 2008).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P 56(a).  Yet, "not every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  In the instant case, Plaintiffs offered no significant response to any argument presented by the Defendant in its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  "The non-moving party may not simply rest on her allegations or expect the Court to search the record for a reason not to grant the motion; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies to defeat the motion."  *Randall et al v. Rolls-Royce Corp.*, 742 F.Supp. 2d 974 (S.D. Indiana 2010) *citing to Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

As outlined in Defendant's response to Plaintiffs' Rule 56(d) Motion [R. 23] (filed contemporaneously herewith), Plaintiffs failed to identify relevant, probative evidence sufficient

to overcome the Defendant's dispositive motion herein.  Rather, Plaintiffs now indicate they need discovery to "demonstrate…that FNS's decision to permanently deny their store's SNAP authorization was invalid" [R. 15, p. 8]—essential, basic information they most certainly should have possessed PRIOR to filing a lawsuit against the United States.  Furthermore, Plaintiffs not only submit a Response addressing the merits of the United States' dispositive motion, but also request this Court to grant summary judgment in their favor[2] (albeit with little support).  [R. 15, pp. 2, 8, 22.]  Such action is clearly a "tacit[] conce[ssion] that the record is complete for proper resolution for all the issues presented.  *See Demery v. Extebank Deferred Compensation Plan (B)*, 216 F.3d 283, 286 (2nd Cir. 2000) (affirming the district court's grant of summary judgment with no discovery when plaintiff had made its own motion for summary judgment.)."  *NYC C.L.A.S.H. v. City of New York*, 315 F.Supp.2d 461, 498 (S.D. N.Y. 2004).  Moreover, Plaintiffs admit in their Response that "[t]he pertinent facts at issue in this action are relatively few in number and generally do not appear to be in dispute."  [R. 15, p. 3.]  (Emphasis added.)

While Plaintiffs seem to assert otherwise,[3] Warren and K&J have the burden to prove, by a preponderance of the evidence, that the administrative action was legally invalid.  *See, Howard v. United States*, 3:13-CV-1301, 2013 WL 4046370, *3 (N.D. Ohio Aug. 7, 2013), *citing Warren v. United States*, 932 F.2d 582, 586 (6th Cir. 1991).  Plaintiffs indicate that the material facts are not in dispute, nor are the applicable regulations themselves in dispute.  The sole question for the Court to answer at this juncture, in a *de novo* review, is whether Plaintiffs in fact violated the Act—thus, the sole question in this case is whether the evidence demonstrates that the violations found by FNS did occur.  *See, e.g., Bakal Brothers, Inc. v. United States*, 105 F.3d 1085, 1088-

---

[2] Plaintiffs' Cross-Motion for Summary Judgment is addressed in Section II herein.
[3] On page 7 of Plaintiffs' Response, they indicate that the Defendants improperly attempt to shift the burden of proof to them.  [R. 15, p. 7.]  However, on page 9 of their Response, Plaintiffs agree that the burden of proof is upon the aggrieved store to "establish the invalidity of the administrative action by a preponderance of the evidence."  [R. 15, p. 9.]

90 (6th Cir. 1997).  No further discovery on this issue is needed, as all parties agree that Kem

Warren violated the laws of the State of Kentucky by possessing marijuana.

Furthermore, as fully explained in Defendant's dispositive motion [R. 13:  Motion], FNS

is directed to consider the following when "determining whether to grant a food stamp license to

a retail or wholesale food store [keeping in mind that the granting of same is a privilege, not a

right]:

> 1)  the nature of and extent of the food business conducted by the applicant;
> 2)  the volume of coupon business which may reasonably be expected to be conducted by
>     the applicant food store or wholesale food concern; and
> 3)  the **business integrity and reputation** of the applicant."

*Warren*, 932 F.2d at 586, *citing* 7 U.S.C. § 2018(a) (emphasis added).  To make the

determination regarding business integrity and reputation, FNS regulations provide that it:

> *[S]hall deny* the authorization of any firm from participation in the program for a period
> of time as specified in paragraph (k) based on consideration of information regarding the
> business integrity and reputation of the firm as follows:
>
> > (i)   Conviction of…the owners, officers or managers of the firm for:
> >
> > (C)  violation of the Federal, State and/or local consumer protection laws relating
> > to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses….

7 C.F.R. § 278.1(b)(3)(i)(C) (emphasis added).  Section 278.1(k)(3)(j) provides that retailers for

whom "records of criminal conviction or civil judgment exist that reflect on the business

integrity of owners, officers, or managers as stipulated in §278.1(b)(3)(i) *shall be denied*

*authorization permanently*."  7 C.F.R. § 278.1(k)(3)(j) (emphasis added).  The responses to the

questions contained within the application itself can provide the information required by 7

U.S.C. § 2018(a).  *See, e.g.*, AR 1-11.

The regulations at issue in the instant case are unambiguous, and the agency followed the

policies and procedures mandated by said regulations in its determination that Plaintiffs'

authorization as a SNAP retailer would be permanently denied.  "What the regulations require is that the FNS evaluate the basis of the convictions to determine if they fit within the regulations, give the retailer proper notice and due process, and administer appropriate sanctions as set forth in the regulations."  *Howard v. U.S.*, 3:13 CV 1301, 2013 WL 4046370, *3 (Aug. 7, 2013, N.D. Ohio).  This is exactly what occurred in the instant matter.  FNS considered Kem Warren's marijuana conviction, determined it to fit within the confines of the applicable regulations, and notified the Plaintiffs of the decision.  However, because Plaintiffs are dissatisfied with the ultimate result, they are seeking judicial intervention to "carve out" an exception and rewrite the regulation entirely, with no legislative support.[4]  Even if the interpretation of the appropriate regulations were somehow open to more than one reading, it is well established that a court defers to an agency's interpretation of its own regulation unless it is "plainly erroneous or inconsistent with the regulation."  *Decker v. Northwest Environmental Defense Center*, 133 S. Ct. 1326, 1337 (2013) (internal citations and quotations omitted).  The regulations patently state that a firm shall be permanently denied authorization based upon consideration of information regarding the business integrity and reputation of the firm for convictions of the owners, officers or managers for "violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, tobacco firearms, controlled substances, and/or gaming licenses…"  7 C.F.R. § 278.1(b)(3)(i)C) and § 278.1(k)(3)(i).

In their Response, Plaintiffs spend much time addressing the regulations' sentence construction, and certain grammatical schools of thought.  [R. 15:  pp. 12-16.]  While perhaps interesting in an academic setting, or perhaps food for thought for the legislature, an agency is

---

[4] Interestingly, Plaintiffs admitted in their administrative filings that Warren's conviction fell within the ambit of section 278.1(k)(3)(j), but rather contested only the "harshness" of the sanction.  [AR 27.]  It was only after receiving Defendant's initial dispositive motion (which was later dismissed and re-filed after it was determined to be missing a few pages) that Plaintiffs began their argument regarding the language of the regulation itself.

not required to insert non-existent language, or study grammatical theses when interpreting its own regulations.  As indicated herein, as long as the agency's interpretation is not "plainly erroneous" or "inconsistent with the regulation" itself, the court should defer to that agency's interpretation.  *See Decker*, 133 S. Ct. at 1337.  There is simply no argument, nor have Plaintiffs suggested, any possible discovery that would reveal any probative evidence that the agency did not apply the regulation in exactly the manner in which it was written.  Furthermore, as Plaintiffs concede, there is scant legislative history to elucidate any particular direction—thus lending support to the unambiguous nature of the regulation.  Moreover, Plaintiffs' argument regarding the "Last Antecedent Rule" and "Modifying Comma Test" appears for the first time in their Response to the Defendant's dispositive motion.  It is well-established that Plaintiffs are not permitted to raise a theory or allegation for the first time in an opposition to a summary judgment motion.  *See, e.g., Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007); *see also Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005).

Similarly, Plaintiffs' hypotheticals and editorializing regarding our Presidents' use of marijuana, whether or not Plaintiffs believe that driving under the influence reflects on an individual's business integrity or reputation, or other rhetoric merely serves as an attempt to obscure the inescapable conclusion that Plaintiffs have failed to overcome their burden of proving, by a preponderance of the evidence, that the administrative action was legally invalid. The regulation, crafted by the legislature, indicates that a criminal conviction such as Kem Warren's implicates "business integrity and reputation."  7 C.F.R. 278.1(b)(3)(i)(C).  As such, the agency's determination to permanently deny Plaintiffs the benefit of becoming a SNAP retailer was valid.  As such, the inquiry ends, as the sanction is not open for review.  *See, e.g.,*

*Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993) (internal citations omitted) ("[i]f the agency properly applied the regulations, then the court's job is done and the sanction must be enforced.")

In their Response, Plaintiffs as much as concede that their constitutional claims are improperly plead: "to the extent that this Court concludes that Warren's conviction constitutes a controlled substance licensing violation, the Amended Complaint properly alleges Due Process and Equal Protection violations."  [R. 15, p. 19.] (Emphasis added.)  Under no theory proposed by any party herein could a marijuana possession charge, predating the acquisition of a retail store, constitute a licensing violation—it is a factual and legal impossibility in the instant case. That assertion is one that has not been set forth by the Defendant herein.

Furthermore, Plaintiffs have failed to plead adequate claims of due process and equal protection violations.  As indicated in Defendant's dispositive motion, the United States, including its agencies, have not waived sovereign immunity as to any claims of constitutional violations.  *See, e.g., Federal Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 483-86 (1994).  To the extent Plaintiffs' amended complaint postulates constitutional claims as to the United States, FNS, or the USDA, these assertions fail as a matter of law.

In addition, Plaintiffs' Response fails to provide anything other than "labels and conclusions" and perhaps "a formulaic recitation of the elements of a cause of action," which are patently insufficient to overcome a motion to dismiss.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555).  Further, discovery requested by Plaintiffs would be nothing more than a fishing expedition designed to bolster Plaintiffs' "plead now, prove later" approach.

"Rule 56(f) [now Rule 56(d)] cannot be relied upon to defeat a summary judgment motion 'where the result of a continuance to obtain further information would be wholly speculative.'" *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97, 107 (2nd Cir. 1981) (internal citations omitted).

II.       Response to Plaintiffs' Cross-Motion for Summary Judgment

After arguing that the United States' Motion for Summary Judgment is premature and should be denied on that ground, Plaintiffs themselves request summary judgment in a footnote. [R. 15:  p. 2.]  Again, while the Plaintiffs argue that the United States' Motion "borders on the frivolous" as the Plaintiffs' Amended Complaint was filed in November of 2014, they state (without legal argument) that "this Court should instead grant summary judgment for the Plaintiffs." *Id.*  Arguing that the United States' Motion is premature, and then asking for exactly the same relief through exactly the same vehicle is internally inconsistent and incongruous.  As indicated herein, at the very least, it serves as an implied acceptance that the record, as it currently stands submitted before the Court, is complete, and the case is ripe for decision.  *See, e.g.*, *NYC C.L.A.S.H.*, 315 F.Supp.2d at 498.

Plaintiffs' cross-motion for summary judgment is simply without support, and without merit, for the reasons delineated herein.  The instant matter is a "clear case of admitted violations, and sanctions imposed by the Secretary [were] well within the range of his authority, expressly conferred on him by statute and regulation."  *Martin v. United States*, 459 F.2d 300, 301 (6th Cir. 1972).  Any discovery suggested by the Plaintiffs is unnecessary and speculative, and would consist of "blind groping, undertaken in the hope of finding something to which this suit could be anchored."  *Searer v. West Michigan Telecasters, Inc.*, 381 F.Supp. 634, 643 (W.D. Mich. Aug. 22, 1974).

## CONCLUSION

Plaintiffs' Complaint against the Defendant United States must be dismissed for failure to prove, by a preponderance of the evidence, that the administrative action taken by the FNS in this case was invalid. Furthermore, Plaintiffs have failed to prove any constitutional claim upon which relief may be granted. Likewise, Plaintiffs are not entitled to injunctive relief. Therefore, as no genuine dispute of material facts exist, summary judgment must be granted in favor of the Defendant United States herein.

The United States incorporate by reference its initial dispositive motion herein. For those reasons, and the reasons stated herein, the United States' motion to dismiss, or in the alternative, motion for summary judgment, must be granted, along with any and all other relief to which it may appear entitled, including denial of Plaintiffs' request for injunctive relief.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

BY:      s/ Cheryl Morgan
Cheryl Morgan
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4870
Cheryl.Morgan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2015, the foregoing Reply to Response to Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Response to Cross-Motion

for Summary Judgment, was electronically filed by using the CM/ECF system, which will send

the notice of electronic filing to:

       Michael A. Taylor, Esq.
       matlinc@bellsouth.net

       Stewart D. Fried, Esq.
       sfried@ofwlaw.com

                            s/ Cheryl Morgan
                            Cheryl Morgan
                            Assistant United States Attorney